UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEROME J. CASIMIR and BETTY J. DUMAS, | ) ) |
| Plaintiffs, | ) 06 C 1211 ) |
| v. | ) Honorable Charles R. Norgle ) |
| SUNRISE MORTGAGE, INC., and EDWARD LITKE, | ) ) ) |
| Defendants. | ) ) |

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the court is Defendants' Motion for Summary Judgment. For the following reasons, the Motion is granted as to the Fair Housing Act Count (Count I) and the Equal Credit Opportunity Act Count (Count II). The court relinquishes jurisdiction over the remaining state-law Consumer Fraud Act Count (Count III).

## I. BACKGROUND

### A. Facts

Plaintiff Jerome J. Casimir ("Casimir") and his wife, Plaintiff Betty J. Dumas ("Dumas") reside at 3620 South Calumet Avenue, in Chicago, Illinois. Dumas is the sole owner of this property. Casimir and Dumas are both African-American. Defendant Sunrise Financial, Inc. ("Sunrise") is an Illinois corporation licensed to operate as a mortgage broker. Defendant Edward Litke ("Litke") is the President and Chief Executive Officer of Sunrise. Litke is also part owner of Sunrise. Sunrise is not a lender. Instead, Sunrise finds suitable mortgages for

1

borrowers from third party lenders, and works with the lenders to obtain these mortgages for Sunrise's clients. Plaintiffs do not dispute the fact that Sunrise is not in the business of lending money.

In December 2005, Casimir called Sunrise to inquire about obtaining a mortgage on Dumas' home. During the course of processing this request, Sunrise requested that Dumas forward to Sunrise documents regarding her income, property and income taxes, and home insurance. Dumas failed to forward these documents to Sunrise. Plaintiffs do not dispute that Dumas failed to submit these documents to Sunrise, asserting only that "Jason had took 'Dumas' application and Sean refused to follow-up and complete the process of 'Dumas' no-income verification loan application, requested plaintiff to fax undue oppressive verification of income, after the begin of the application process and credit report verification, in contradiction to oral conversation and Defendants advertisement." Pls.' Local Rule 56.1Statement, ¶ 24. Sunrise then stopped attempting to procure a mortgage for Dumas, as it lacked the necessary documents to complete a loan application for her. Plaintiffs do not dispute this, and repeat the same assertion they offered in paragraph 24 of their Local Rule 56.1 Statement. Pls.' Local Rule 56.1 Statement, ¶ 25. In addition, neither Casimir or Dumas ever signed a loan application and returned it to Sunrise. Plaintiffs also do not dispute this, and again repeat essentially the same assertion they made in paragraph 24 of their Local Rule 56.1 Statement. Pls.' Local Rule 56.1 Statement, ¶ 26.

**B. Procedural History**

Casimir and Dumas, proceeding pro se, then sued Sunrise and Litke in the Northern District of Illinois, alleging violations of the Fair Housing Act, 42 U.S.C. § 3605, the Equal

Credit Opportunity Act, 15 U.S.C. § 1691, and the Illinois Consumer Fraud Act, 815 ILL. COMP. STAT. 505/2. Plaintiffs assert that Sunrise discriminated against them because of their race. Defendants filed their Motion for Summary Judgment on January 24, 2007.

Plaintiffs filed their Rule 56.1 Statement of Material Facts on May 25, 2007. The court granted Defendants two extensions of time in which to file a responsive memorandum of law to this Motion. The last extension of time expired on August 8, 2007. As of August 31, 2007, Plaintiffs have not yet filed their responsive memorandum. The court therefore construes Plaintiffs' Rule 56.1 Statement of Material Facts to be the entirety of Plaintiff's Response to Defendants' Motion for Summary Judgment. This Motion is thus fully briefed and before the court.

## II. DISCUSSION

### A. Standard of Decision

Summary judgment is permissible when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The nonmoving party cannot rest on the pleadings alone, but must identify specific facts, see Cornfield v. Consolidated High Sch. Dist. No. 230, 991 F.2d 1316, 1320 (7th Cir. 1993), that raise more than a mere scintilla of evidence to show a genuine triable issue of material fact. See Murphy v. ITT Technical Services, Inc., 176 F.3d 934, 936 (7th Cir. 1999).

In deciding a motion for summary judgment, the court can only consider evidence that would be admissible at trial under the Federal Rules of Evidence. See Bombard v. Fort Wayne Newspapers, Inc., 92 F.3d 560, 562 (7th Cir. 1996). The court views the record and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party. FED.

R. CIV. P. 56(c); see also Perdomo v. Browner, 67 F.3d 140, 144 (7th Cir. 1995). "In the light most favorable" simply means that summary judgment is not appropriate if the court must make "a choice of inferences." See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); see also First Nat'l Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 280 (1968); Wolf v. Buss (America) Inc., 77 F.3d 914, 922 (7th Cir. 1996). The choice between reasonable inferences from facts is a jury function. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

When the defendant moves for summary judgment, the court must view the record and all inferences in a light most favorable to the plaintiff. Ameritech Benefit Plan Comm. v. Communication Workers of Am., 220 F.3d 814, 821 (7th Cir. 2000). However, the inferences construed in the plaintiff's favor must be drawn from specific facts identified in the record that support the plaintiff's position. Waldridge v. Am. Hoechst Corp., 24 F.3d 918, 922-23 (7th Cir. 1994). Under this standard, "[c]onclusory allegations alone cannot defeat a motion for summary judgment." Thomas v. Christ Hospital and Medical Center, 328 F.3d, 890, 892-93 (7th Cir. 2003)(citing Lujan v. Nat'l Wildlife Federation, 497 U.S. 871, 888-89 (1990)).

## B. Defendants' Motion for Summary Judgment

In order to establish a prima facie case of racial discrimination under either the Fair Housing Act or the Equal Credit Opportunity Act, "a plaintiff must demonstrate that (1) he is a member of a protected class; (2) he applied for and was qualified for a loan; (3) the loan application was rejected despite his or her qualifications; and (4) the lender continued to approve loans for applicants with qualifications similar to those of the plaintiff." Hood v. Midwest Sav. Bank, 95 Fed. Appx. 768, 778 (6th Cir. 2004) (citing Michigan Prot. and Advocacy Serv., Inc. v. Babin, 18 F.3d 337, 346 (6th Cir. 1994)); see also Gaona v. Town & Country Credit, 324 F.3d 1050, 1057 (8th Cir. 2003).

4

In this case, the undisputed facts show the following: Plaintiffs never signed a loan application and returned it to Sunrise; Plaintiffs never submitted the documents necessary for Sunrise to process Dumas' loan application; and Sunrise is not a lender, but rather a mortgage broker. Plaintiffs thus cannot establish three of the four elements necessary to establish a prima facie case of racial discrimination under the Fair Housing Act or the Equal Credit Opportunity Act. See Hood, 95 Fed. Appx. at 778; Gaona, 324 F.3d at 1057.

Defendants' Motion for Summary Judgment is therefore granted as to the Fair Housing Act Count (Count I) and the Equal Credit Opportunity Act Count (Count II). "[U]nless the plaintiff's complaint rests on a good legal theory, and the record presents a triable issue under that theory, the defendant is entitled to prevail expeditiously." Newsome v. McCabe, 319 F.3d 301, 304 (7th Cir. 2003). The court relinquishes jurisdiction over the remaining state-law Consumer Fraud Act Count (Count III). See 28 U.S.C. § 1376(c)(3); Wilson Elecs. Gams, Inc. v. Garrity, 479 F.3d 904, 907 (7th Cir. 2007); Croplife Am., Inc. v. City of Madison, 432 F.3d 732, 733-34 (7th Cir. 2005).

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: August 31, 2007

5